IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RECEIVED
NOV 20 2026
Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

JONAH PAUL ANDERS, SR.,
Plaintiff,

v.

MAYLA CUCAL CASACOP,
Defendant.

Case No. 2:26-cv-03518-TLP-cgc

FIRST AMENDED COMPLAINT FOR CIVIL RICO VIOLATIONS, FRAUD, AND INJUNCTIVE RELIEF

Comes now Plaintiff, Jonah Paul Anders, Sr., proceeding pro se, and pursuant to Federal Rule of Civil Procedure 15, respectfully submits his First Amended Complaint against Defendant Mayla Cucal Casacop, also known as Mayla Casacop Sarmiento and Mayla McCoy. In support thereof, Plaintiff states and alleges as follows:

INCORPORATION OF CERTIFIED EXHIBITS BY REFERENCE

Pursuant to Federal Rule of Civil Procedure 10, Plaintiff expressly incorporates by reference as though fully set forth herein Plaintiff's Written Objections and Master Index of Exhibits with Certified Exhibits A through E previously filed on November 17, 2026, at Docket Entry 15 and Docket Entry 15-1, PageID 288 through 318, including the Hague Apostille-authenticated Philippine criminal arrest warrant records, federal Department of Homeland Security removal records, Nevada litigation records, the Chronological Timeline Table of Continuous Diligence, and the Schedule of Specific Acts of Ongoing Fraud and Perjury.

I. JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964 because Plaintiff's claims arise under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 through 1968, and involve continuing federal immigration document fraud under 18 U.S.C. § 1546, mail fraud under 18 U.S.C. § 1341, and wire fraud under 18 U.S.C. § 1343.
2. This Court has supplemental jurisdiction over Plaintiff's related state law claims for fraud and misrepresentation pursuant to 28 U.S.C. § 1367 because those claims arise from the same common nucleus of operative facts and ongoing scheme to defraud.
3. Venue is proper in the Western District of Tennessee pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 1965 because Plaintiff resides in Memphis, Shelby County, Tennessee, and a substantial part of the recent predicate acts of perjury, fraudulent court filings, and direct financial injuries occurred within this judicial district.

## II. PARTIES

4. Plaintiff Jonah Paul Anders, Sr. is an adult citizen of the United States, a 100 percent service-connected disabled veteran of the United States Marine Corps, and a resident of Memphis, Shelby County, Tennessee, residing at 1910 Madison Avenue, Memphis, Tennessee 38104.
5. Defendant Mayla Cucal Casacop, also known as Mayla Casacop Sarmiento and Mayla McCoy, is an adult individual residing in Shelby County, Tennessee, who gained entry into and remained within the United States through fraudulent immigration filings and forged foreign public documents.

## III. STATEMENT OF FACTS AND CONTINUOUS DILIGENCE FROM 2012 TO 2026

6. On July 16, 2000, Defendant Mayla Cucal Casacop entered into a lawful marriage with Efren E. Sarmiento, Jr. at L'Annunziata Parish Church in Victoria Homes, Tunasan, Muntinlupa City, Republic of the Philippines. That marriage has never been legally dissolved or annulled.
7. On or about June 20, 2002, Defendant fabricated and falsified a purported court Resolution in Civil Case No. 02-199 from the Regional Trial Court of Muntinlupa City, Branch 276, along with a falsified Certificate of Finality dated September 7, 2002, falsely making it appear that her Philippine marriage to Efren E. Sarmiento, Jr. had been annulled.
8. Relying upon Defendant's falsified Philippine annulment documents and sworn representations that she was legally free to marry, Plaintiff participated in a marriage ceremony with Defendant in Las Vegas, Nevada, on July 28, 2012. Because Defendant's prior Philippine marriage was never dissolved, the July 28, 2012 marriage was void from its inception.
9. In December 2014, upon discovering initial discrepancies in Defendant's foreign marital records, Plaintiff acted immediately and filed a petition for annulment in the Circuit Court of Shelby County, Tennessee, Case No. CT-005367-14.
10. On October 28, 2016, the Shelby County Circuit Court entered a final decree of divorce rather than an annulment, declining to make a finding of fraud because no sovereign tribunal in the Republic of the Philippines had yet adjudicated the authenticity of the purported June 20, 2002 Philippine court decree.
11. Following the 2016 ruling, Plaintiff retained legal counsel in the Republic of the Philippines and diligently pursued an official criminal investigation through the Philippine judicial authorities.
12. Plaintiff's multi-year international efforts resulted in a formal Resolution issued by the Office of the City Prosecutor of Muntinlupa City in NPS Docket No. XV-08-INV-19B-00142 finding probable cause against Defendant for Falsification of Public Document under Article 172 in relation to Article 171 of the Revised Penal Code, as shown in Docket Entry 15-1, Exhibit A-1. The Prosecutor confirmed that Civil Case No. 02-199 was an unrelated land title action involving different parties and that no annulment petition between Defendant and Efren E. Sarmiento, Jr. was ever filed.
13. On October 4, 2019, the Office of the City Prosecutor filed Criminal Information No. MeTC-M-59461-CR against Defendant in the Metropolitan Trial Court, Branch 112, Muntinlupa City, Philippines, as shown in Docket Entry 15-1, Exhibit A-2.
14. On October 7, 2019, Presiding Judge Chelsea Segunda G. Dirige of the Metropolitan Trial Court, Branch 112, Muntinlupa City, entered an Order and issued an active Warrant of Arrest commanding any officer of the law to arrest Defendant Mayla Casacop Sarmiento for Falsification of Public Document, with bail fixed at Thirty-Six Thousand Pesos, as shown in Docket Entry 15-1, Exhibits A-3 and A-4.

15. Concurrently, on September 4, 2019, the United States Department of Homeland Security and USCIS initiated federal removal proceedings against Defendant under File No. 204 804 329, terminating conditional permanent residency status due to underlying marriage fraud, as shown in Docket Entry 15-1, Exhibit B.
16. From late 2019 through early 2022, global COVID-19 pandemic lockdowns, foreign court closures in the Republic of the Philippines, and consular authentication backlogs suspended normal international document certification and postponed federal immigration court dockets for over two years through extraordinary circumstances completely beyond Plaintiff's control.
17. Immediately as pandemic authentication backlogs cleared, on January 26, 2022, the Philippine Department of Foreign Affairs in Manila issued official Hague Apostille certifications S.N. 20A-0521875, S.N. 20A-0521876, S.N. 20A-0521877, and S.N. 20A-0521878, authenticating the Muntinlupa City Prosecutor's Resolution, the Criminal Information, Judge Dirige's Order, and the active Warrant of Arrest so that they became internationally admissible in United States courts, as shown in Docket Entry 15-1, Exhibit A.
18. Immediately upon securing the January 26, 2022 Apostilled records, Plaintiff relocated to Las Vegas, Nevada, the jurisdiction where the July 28, 2012 ceremony took place, and resided there for two years from 2022 through 2024 specifically to resolve this matter. Plaintiff retained Nevada counsel, including Amber Robinson and Timothy R. Treffinger, litigated annulment proceedings in the Eighth Judicial District Court, Clark County, Nevada, Case No. D-22-643861-D, submitted fraud complaints to the Nevada Secretary of State, and pursued Supreme Court of Nevada Appeal No. 86014 until June 28, 2023, before returning to Tennessee after the Nevada court declined jurisdiction on interstate comity grounds and deferred continuing jurisdiction back to Tennessee, as shown in Docket Entry 15-1, Exhibit C.
19. Immediately upon returning to Tennessee from Nevada, Plaintiff filed a petition to reopen the Tennessee judgment on November 14, 2024, under Tennessee Rule of Civil Procedure 60.02 in Shelby County Circuit Court Case No. CT-005367-14 to present the January 26, 2022 Apostilled Philippine arrest warrant and federal DHS removal records. After the trial court dismissed that petition on May 9, 2025, and the Tennessee Court of Appeals affirmed on September 25, 2026, in Case No. W2025-00847-COA-R3-CV on procedural one-year time-bar grounds, Plaintiff timely filed an Application for Permission to Appeal to the Supreme Court of Tennessee on September 28, 2026, where that matter remains actively pending, as shown in Docket Entry 15-1, Exhibit D.

## IV. SPECIFIC PREDICATE ACTS OF RACKETEERING, PERJURY, AND FRAUD FROM 2019 TO 2026

20. Pursuant to Federal Rule of Civil Procedure 9, Plaintiff pleads with particularity the following recurring, specific predicate acts of mail fraud, wire fraud, federal immigration document fraud, and sworn perjury committed by Defendant after the October 7, 2019 issuance of her Philippine Warrant of Arrest, as detailed in Docket Entry 15-1, Exhibit E:
21. In 2019, while still legally married to Efren E. Sarmiento, Jr. in the Philippines and subject to the active October 7, 2019 Philippine Warrant of Arrest for Falsification of Public Document, Defendant executed a false sworn marriage license affidavit under penalty of perjury certifying she was legally free to marry and entered into a subsequent bigamous marriage.
22. Every year from 2019 through 2026, Defendant executed and transmitted via mail and electronic wire sworn immigration applications, conditional residency renewal filings, and self-petitions under the Violence Against Women Act before USCIS, the Department of Homeland Security,

and the federal immigration courts, falsely certifying under penalty of perjury that she entered into a good-faith, legally valid marriage and suffered abuse, despite DHS File No. 204 804 329 terminating conditional permanent residency status for marriage fraud.

23. Every year from 2019 through 2026, Defendant attached and relied upon fabricated Memphis police reports and false domestic violence and abuse allegations regarding Plaintiff and his daughter Paula in sworn federal Violence Against Women Act filings transmitted to USCIS and DHS to obtain federal immigration benefits and financial advantages by fraud.
24. During live judicial proceedings in late 2022 in the Eighth Judicial District Court of Nevada, Clark County, Case No. D-22-643861-D, Defendant appeared before the court, took an oath to tell the truth, and testified falsely that her prior Philippine marriage had been annulled, concealing the active October 7, 2019 Philippine Warrant of Arrest for Falsification of Public Document.
25. On January 30, 2023, during administrative appeal proceedings in Docket No. 2INITO-221100921 before Tennessee Department of Human Services Administrative Judge Jonathan L. Fly, Defendant appeared under the name Mayla McCoy, was placed under oath, and gave false sworn testimony regarding financial benefits and disbursements received, as shown in Docket Entry 15-1, PageID 316 through 318.
26. Across ten consecutive court hearings in Shelby County, Tennessee, from December 2025 through October 16, 2026, Defendant repeatedly raised her right hand, swore an oath to tell the truth, and delivered false sworn testimony regarding marital validity, financial disbursements, and prior court orders, specifically on the following dates:
First, in December 2025, during custody and custodial interference proceedings involving Plaintiff's minor son Samuel, culminating in Plaintiff being awarded full custody of Samuel;
Second, in January 2026, during follow-up court proceedings confirming Plaintiff's full custody of Samuel;
Third, on March 9, 2026, during proceedings resulting in the March 9, 2026 court order regarding financial benefits and prior court records;
Fourth, on April 21, 2026, May 28, 2026, June 29, 2026, June 30, 2026, July 10, 2026, August 14, 2026, August 28, 2026, September 4, 2026, and October 16, 2026, each time repeating knowing falsehoods under oath before the judiciary.

V. CAUSES OF ACTION

COUNT I: CIVIL RICO VIOLATIONS UNDER 18 U.S.C. § 1962

27. Plaintiff realleges and incorporates by reference paragraphs 1 through 26 as though fully set forth herein.
28. Defendant Mayla Cucal Casacop is a culpable person within the meaning of 18 U.S.C. § 1961 who conducted and participated in a continuous pattern of racketeering activity affecting interstate and foreign commerce through the repeated use of United States mail, interstate electronic wires, federal immigration agencies, and state and federal courts as enterprises and instrumentalities of fraud.
29. From 2019 through October 16, 2026, Defendant committed dozens of related predicate acts of racketeering activity as defined by 18 U.S.C. § 1961, including:
First, repeated acts of immigration document fraud under 18 U.S.C. § 1546 by knowingly subscribing under penalty of perjury false statements and presenting forged and fraudulent foreign records in annual USCIS and DHS filings from 2019 through 2026;
Second, repeated acts of mail fraud under 18 U.S.C. § 1341 and wire fraud under 18 U.S.C. §

1343 by transmitting perjured affidavits, fraudulent VAWA self-petitions, and false financial disclosures across state lines to federal agencies and courts in Nevada and Tennessee;
Third, continuous obstruction and perjury in official proceedings designed to perpetuate fraudulent financial disbursements, wrongful asset seizures, and unlawful immigration status.

30. Defendant's predicate acts are related because they share the same purpose of concealing her undissolved July 16, 2000 Philippine marriage and active October 7, 2019 criminal arrest warrant, obtaining unlawful federal immigration status, and extracting money and legal leverage from Plaintiff.
31. Defendant's predicate acts establish both closed-ended and open-ended continuity because they have spanned more than seven years since the October 7, 2019 criminal arrest warrant and continue through October 16, 2026, posing a threat of ongoing repetition every time Defendant submits a sworn filing or appears in court.
32. Under the separate accrual rule established in Rotella v. Wood, 528 U.S. 549, each new act of mail fraud, wire fraud, immigration document fraud under 18 U.S.C. § 1546, and sworn perjury committed between November 2022 and October 16, 2026 constitutes a fresh, independent predicate act causing new financial and legal injuries within the four-year Civil RICO statute of limitations.
33. As a direct and proximate result of Defendant's racketeering activity under 18 U.S.C. § 1962, Plaintiff has suffered concrete injuries to his business and property, including over $75,000 in attorney fees, international authentication costs, two-year relocation and litigation expenses in Nevada, wrongful financial interceptions and asset seizures, and ongoing defense costs in Tennessee.

COUNT II: EQUITABLE TOLLING AND FRAUDULENT CONCEALMENT

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33 as though fully set forth herein.
35. To the extent any portion of Plaintiff's claims relates to events prior to the four-year limitations window, the running of the statute of limitations is equitably tolled because Plaintiff pursued his rights with extraordinary diligence and was prevented from earlier federal filing by extraordinary circumstances beyond his control, including the absence of a sovereign Philippine forgery adjudication until October 2019, global COVID-19 pandemic court closures and consular backlogs from late 2019 until January 26, 2022, two years of mandatory interstate comity litigation in Nevada from 2022 to 2024, and exhaustion of state Rule 60.02 remedies in Tennessee from 2024 to 2026.

COUNT III: COMMON LAW FRAUD AND INTENTIONAL MISREPRESENTATION

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 as though fully set forth herein.
37. Defendant knowingly made false representations of material fact regarding her marital status, the authenticity of the forged June 20, 2002 Philippine court resolution, and her receipt of financial disbursements, intending that Plaintiff and the courts rely upon those falsehoods.
38. Plaintiff reasonably relied upon Defendant's official-looking documents prior to obtaining sovereign Philippine authentication and suffered substantial direct monetary damages as a proximate result of Defendant's intentional fraud.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jonah Paul Anders, Sr. respectfully prays that this Honorable Court enter judgment in his favor and against Defendant Mayla Cucal Casacop as follows:

1. Award Plaintiff compensatory damages for all documented financial losses, attorney fees, international authentication expenses, relocation costs, and wrongfully intercepted funds incurred as a result of Defendant's fraudulent scheme;
2. Award Plaintiff treble damages and reasonable litigation costs pursuant to 18 U.S.C. § 1964 for Defendant's Civil RICO violations;
3. Enter declaratory and injunctive relief prohibiting Defendant from further utilizing, submitting, or relying upon the falsified June 20, 2002 Philippine annulment decree or fabricated police reports in any federal or state proceeding; and
4. Grant Plaintiff such other and further legal or equitable relief as the Court deems just and proper.

VII. VERIFICATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury under the laws of the United States of America, 28 U.S.C. § 1746, that the foregoing First Amended Complaint is true and correct to the best of my knowledge, information, and belief.

Executed on this 20th day of November, 2026.

Respectfully submitted,
Jonah Paul Anders Sr.
JONAH PAUL ANDERS, SR.
Pro Se Plaintiff
1910 Madison Avenue
Memphis, Tennessee 38104
Phone: 901-272-1313
Email: 901notary@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2026, the foregoing First Amended Complaint was submitted for filing with the Clerk of the United States District Court for the Western District of Tennessee, 167 N. Main Street, Room 242, Memphis, Tennessee 38103. Service upon Defendant Mayla Cucal Casacop has not yet been ordered or completed as this action remains pending initial screening pursuant to 28 U.S.C. § 1915, and no counsel of record has entered an appearance for Defendant.

Jonah Paul Anders Sr.
JONAH PAUL ANDERS, SR.
Pro Se Plaintiff